PROB 12C
(Rev.2011)

# United States District Court
for
## Middle District of Tennessee

## Petition for Warrant for Offender Under Supervision
### (Supersedes Petition Filed as Docket Entry No. 33)

Name of Offender: <u>Robert Daniel Moore</u>  Case Number: <u>3:11-00130</u>

Name of Sentencing Judicial Officer: <u>The Honorable William J. Haynes, Jr., Chief U. S. District Judge</u>

Date of Original Sentence: <u>January 13, 2012</u>

Original Offense: <u>18 U.S.C. § 922(g)(1), Felon in Possession of a Firearm</u>

Original Sentence: <u>30 months' custody and 3 years' supervised release</u>

Type of Supervision: <u>Supervised Release</u>  Date Supervision Commenced: <u>May 22, 2013</u>

Assistant U.S. Attorney: <u>Scarlett Singleton Nokes</u>  Defense Attorney: <u>Isaiah S. Gant</u>

---

### PETITIONING THE COURT

___  To issue a Summons.
_X_  To issue a Warrant.
_X_  To Consider Additional Violations/Information.

---

**THE COURT ORDERS:**

☐ No Action
☒ The Issuance of a Warrant:
  ☐ Sealed Pending Warrant Execution
    (cc: U.S. Probation and U.S. Marshal only)
☐ The Issuance of a Summons.
☒ The Consideration of Additional Violations/Information.
☐ Other

Considered this 29th day of April, 2014,
and made a part of the records in the above case.

_____
William J. Haynes, Jr
Chief U.S. District Judge

I declare under penalty of perjury that the foregoing is true and correct. Respectfully submitted,

_____
Joshua Smith
U.S. Probation Officer

Place       Nashville, TN

Date        April 25, 2014

## ALLEGED VIOLATIONS

The information provided in the previous petition, filed as docket entry No. 33, has been amended as follows:

        Violation No. 2 - has been amended to include additional information
        Violation No. 5 - has been added
        Violation No. 6 - has been added

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation No. | Nature of Noncompliance |
|---|---|
| 1. | **The defendant shall not commit another federal, state or local crime.** |

On March 5, 2014, after a meeting with probation staff, Mr. Moore was observed entering the driver side door of a white Chevy Trailblazer and driving away. Mr. Moore's license is revoked and he is not eligible to obtain a valid driver's license until April 2, 2015. His license was revoked for multiple Driving Under the Influence convictions.

| | |
|---|---|
| 2. | **The defendant shall not unlawfully possess a controlled substance.** |

On March 5, 2014, Mr. Moore tested positive for marijuana. He admitted using marijuana recent to the drug test. He further admitted on that date, that he had taken Morphine prescribed to his mother prior to a drug test taken on October 23, 2013.

**On April 8, 2014, Mr. Moore was in possession of hydrocodone and was unable to produce a valid prescription.**

| | |
|---|---|
| 3. | **The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.** |

On March 5, 2014, Mr. Moore met with probation staff to discuss his noncompliance with supervision. When asked how he arrived at the probation office, he reported taking a taxicab. As noted previously, he was observed leaving the probation office and entering a white Chevy Trailblazer and driving away.

On March 6, 2014, the probation officer spoke with Mr. Moore on the telephone. He was questioned about being observed entering the white Chevy Trailblazer and driving away. He initially stated that he had been picked up by family members but later admitted he had driven the vehicle and it belonged to him.

| | |
|---|---|
| 4. | **The defendant shall notify the probation officer at least 10 days prior to any change in residence or employment.** |

On March 19, 2014, Mr. Moore left a voicemail for the probation officer reporting that he had left the weekly motel he was staying in due to lack of finances and had been living in a tent for a few days. He has failed to contact the probation officer since that date despite multiple attempts by the probation officer. His current whereabouts are unknown.

5. **The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.**

   On April 8, 2014, Mr. Moore was questioned by the Florence Police Department in a Wal-Mart Shopping Center parking lot in Florence, Alabama. Mr. Moore was sitting in the driver seat of a white Chevy Trailblazer and was required to contact someone to drive the vehicle, as he was not permitted to drive the vehicle due to his license being revoked. Upon search of the vehicle, Mr. Moore was found to be in possession of two hydrocodone pills but could not produce a prescription for the medication. Mr. Moore has failed to notify the probation officer regarding the incident on April 8, 2014.

6. **The defendant shall leave the judicial district without the permission of the court or the probation officer.**

   Mr. Moore had not been given permission to travel outside the district prior to the police contact on April 8, 2014.

**Compliance with Supervision Conditions and Prior Interventions:**

Mr. Moore began supervised release on May 22, 2013. He is scheduled to terminate supervised release on May 21, 2016.

Mr. Moore receives $877 in Supplemental Security Insurance each month. In 2000, Mr. Moore was involved in a motor vehicle accident which caused severe physical injuries. During the accident, several vertebrae were broken. At that time, surgery was not performed, as the doctors advised the broken vertebrae were too close to his spinal cord. He later underwent surgery on his neck to treat spinal stenosis and had one metal plate and four screws attached to his C5-7 vertebrae. Mr. Moore reports constant pain in his back and neck, requiring medication to manage the pain.

A substance abuse intake assessment was completed for Mr. Moore on June 24, 2013. No treatment was recommended at that time.

Mr. Moore had been living with his mother in Franklin, Tennessee, since the start of supervision. His mother died on February 20, 2014, from cancer. Due to the death of his mother, Mr. Moore desired to relocate to Alabama in order to be closer with his extended family.

On March 3, 2014, a report was submitted to the Court requesting no action in that Mr. Moore admitted to illegally taking Percocet from a friend, failed to report for drug testing on one occasion, and had tested positive for controlled substances on one occasion when he was reportedly out of prescription medication. No action was taken at that time.

On March 5, 2014, Mr. Moore was served with an order of protection in relation to his sister, Tonya Weisenseel. He was not permitted to attend the memorial services in Alabama for his mother as his sister would be attending the service, and his attendance would violate the order of protection. He was further advised that he would not be permitted to relocate to Alabama immediately, as he has had violations of supervision and relocation is not permitted when violations are outstanding. On March 13, 2014, the aforementioned order of protection was granted by Williamson County General Sessions Court to Tonya Weisenseel, who alleged that Mr. Moore had threatened to harm her on multiple occasions. According to the order of protection, Mr. Moore threatened to put Ms. Weisenseel in the hospital and stated that he would be waiting to get back at her.

Mr. Moore moved from his mother's apartment in early March 2014. He initially stayed at a weekly motel rental in Columbia, Tennessee. He was given information about various locations for temporary housing or longer term subsidized housing in Columbia, Tennessee, and Nashville, Tennessee. He last contacted the probation officer on March 18, 2014, reporting that he had been living in a tent for a few days and wanted to "flatten his time" so that he could be done with all the restrictions. He has failed to return calls by the probation officer since that time, and he is considered an absconder.

**A petition requesting a warrant was submitted on April 7, 2014, to inform that Mr. Moore had been observed driving while his license is revoked, tested positive for illegal drugs, was untruthful with probation staff, and had failed to notify prior to moving. A summons was ordered for Mr. Moore to appear by April 22, 2014. The summons was returned unexecuted April 22, 2014. Mr. Moore's current residence is unknown, and he is considered an absconder.**

## U.S. Probation Officer Recommendation:

It is respectfully recommended that a warrant be issued for Mr. Moore so that he may appear before the Court to answer to the violation behavior outlined above.

This matter has been discussed with the U.S. Attorney's Office, who concurs with the recommendation.

Approved: _____
Vidette Putman
Supervisory U.S. Probation Officer

# SENTENCING RECOMMENDATION
## UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE
## UNITED STATES V. ROBERT DANIEL MOORE, CASE NO. 3:11-00130

**GRADE OF VIOLATION:** C
**CRIMINAL HISTORY:** VI

**ORIGINAL OFFENSE DATE:** POST APRIL 30, 2003    PROTECT ACT PROVISIONS

| | Statutory Provisions | Guideline Provisions | Recommended Sentence |
|---|---|---|---|
| CUSTODY: | 2 years (Class C Felony) *18 U.S.C. § 3583(e)(3)* | 8-14 months *U.S.S.G. § 7B1.4(a)* | No Recommendation |
| SUPERVISED RELEASE: | 3 years minus any term of imprisonment *18 U.S.C. § 3583(h)* | 1-3 years *U.S.S.G. § 5D1.2(a)(2)* | No Recommendation |

**Statutory Provisions:** 18 U.S.C.§ 3583(e)(3) allows for revocation of supervised release and requires the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on postrelease supervision, if the Court finds by a preponderance of the evidence that the offender violated a condition of supervised release. When a term of supervised release is revoked and the defendant is required to serve a term of imprisonment that is less than the maximum term of imprisonment authorized under subsection (e)(3), the Court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release, in accordance with 18 U.S.C. § 3583(h).

**Guideline Policy Statements:** Pursuant to U.S.S.G.§ 7B1.3(a) upon a finding a Grade C violation, the Court may (A) revoke supervised release; or (B) extend the term of supervised release and/or modify the conditions of supervision.

Respectfully Submitted,

_____
Joshua Smith
U.S. Probation Officer

Approved: _____
Vidette Putman
Supervisory U.S. Probation Officer